**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Faustino MARTINEZ, Defendant-Appellant.**

**No. 27574**

**Summary Calendar.**

United States Court of Appeals Fifth Circuit.

Sept. 25, 1969.

Charles Anderson, El Paso, Tex., (Court-appointed), for appellant.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Jeremiah Handy, Asst. U. S. Atty., Western District of Texas, San Antonio, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was convicted on a four-count indictment charging illegal transportation of aliens, 8 U.S.C. § 1324(a)(2). Each count concerned a different alien. Appellant was arrested at eleven o'clock at night at a check point eighteen miles from the border between Texas and Mexico with the four aliens, all young men from Mexico, in his car.

■ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

■ The sole issue raised is the contention that the testimony of the four aliens, who were arrested with appellant on July 6, 1968, was so tainted by their incarceration until appellant's trial on January 13, 1969, as to amount to a deprivation of due process. But appellant took the stand and testified fully. His testimony was a candid acknowledgement that the testimony of the aliens was true. He admitted that he had met them in Mexico, that he knew they had no papers to enter the United States legally, that they asked him to give them a ride, that he made arrangements to pick them up on the Texas side of the border after they crossed, and to give them a ride "but under no responsibility," and that when they did cross he was waiting in his car. They entered and he drove to the place of arrest. This is what the aliens said happened. It is what appellant said

happened. We can infer no coercion or intimidation of witnesses in the circumstances of this case.

Affirmed.